## Kelly v. Home Fruit & Produce Co.

June 8, 1943.

R. S. Rose and R. L. Pope for appellant.

R. Kent Sampson and James Sampson for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The appeal is from a judgment of the Harlan circuit court which affirmed the Workmen's Compensation Board in dismissing the claim of appellant for compensation for the death of her husband. The sole contention is that the evidence is not sufficient to support the decision of the board.

On May 9, 1940, while in the employ of appellee and while acting in the scope of his employment, appellant's husband was injured in an automobile accident. Appellant contends that his death, eleven months thereafter, was the result of internal injuries received in the accident. Appellee contends that his death was caused by heart trouble. The evidence for appellee shows that for approximately two years previous to the accident the decedent suffered from heart trouble and a sinus infection. One doctor testified that he examined him approximately a week after the accident and at that time he was suffering from a heart condition which prevented him from obtaining the proper amount of oxygen. He treated him by placing him in an oxygen tent. He remained in the hospital five days and was advised by the doctor to take a rest. Acting upon this advice he went to the state of Georgia to visit a son. He remained there approximately a month and returned to work on June 14, 1940. He worked continuously until April 12, 1941, when he was found dead in his automobile which was parked on the highway. At the time of the accident Mr. Kelly weighed approximately 260 pounds and the doctor advised him to diet for the purpose of reducing his weight. Acting upon such advice he was successful in reducing his weight to approximately 230 pounds. Previous to the accident and vacation in Georgia, he was frequently absent from work because of his ailing heart, while after the rest he worked steadily. Dr. Lewis and Dr. Bailey testified that in their opinions he received no internal injuries in the accident, or, at least, that the injuries received in the accident did not cause his death, and that in their opinion his death was due to heart trouble. These physicians based their opinions that internal injuries received in the accident did not cause the death upon the fact that death did not result until eleven months after the accident; that fatal internal injuries would have manifested themselves before that time. It

is claimed that the evidence of Dr. Lewis is contradicted by two certificates previously signed by him and that since his evidence was so contradicted it is not susceptible of belief; that eliminating his testimony, there is no evidence of probative value to support the finding of the board. Conceding, arguendo, that Dr. Lewis's testimony is in conflict with the certificates, the introduction of the certificates was competent only for impeachment purposes and it was within the province of the board to believe his testimony on the trial of the case to be true, and that his previous opinion concerning the cause of Mr. Kelly's death was erroneous. Two other physicians testifying for appellant stated that it was possible that the injuries received in the accident contributed to his death. There is no direct evidence that any internal injuries were received.

His wife, father-in-law, and a roomer in his house testified that after the automobile accident he continuously lost weight and constantly complained of soreness in the region of the bruises on his chest; while his brother, who is manager of appellee, and fellow workmen testified that he made no complaints in their presence and appeared to be in better health after the accident than before. Thus it will be seen without further detail that the evidence at most is conflicting.

It is insisted that the sequence of events after the injuries is in conflict with the medical testimony introduced by appellee and that such conflict renders the expert testimony of no value. The sequence of events relied upon is that commencing immediately after the accident, the deceased continuously lost weight until his death; that he constantly complained of pain in the region of the chest where he was bruised in the accident and that the injuries continuously appeared to grow worse. Appellant relies on the opinion of this court in the case of Consolidation Coal Company v. Marcum's Adm'r, 289 Ky. 220, 158 S. W. (2d) 150. But that opinion is not authority for the position here taken. It merely holds that where uncontradicted evidence of a sequence of events is in conflict with expert medical testimony, the former is sufficient to create an issue of fact and if the board's conclusion in respect to the issue is contrary to the medical testimony, it will be upheld. But here the evidence in respect to the sequence of events relied upon is not uncontradicted. The deceased's loss of

weight is almost conclusively shown to have been caused by dieting and the evidence in respect to his suffering is flatly contradicted by the testimony of his brother and fellow workmen; but even if the evidence in respect to the sequence of events were uncontradicted, it simply would have made an issue triable by the board. Since there was evidence of probative value to support the finding of the board, the chancellor properly entered judgment in conformity with such finding.

The judgment is affirmed.